## SORAPURE v. EDMOUND SCHAEFFER & CO.

(Supreme Court, Appellate Division, Second Department. June 17, 1910.)

VENDOR AND PURCHASER (§ 341*)—RECOVERY OF DEPOSIT ON PURCHASE PRICE —ACTION FOR RETURN—PRIMA FACIE CASE—DISMISSAL.

In an action to recover a deposit on the purchase price of real estate, where plaintiff proved that the property bargained for belonged to defendant, that his agreement was made with defendant's secretary and agent, having authority to act for defendant, and that the agreement was assented to by defendant, but no contract was entered into, the parties being unable to agree upon terms, and that a demand was made, and refused, for the return of the deposit, the facts established a prima facie case, and it was error to dismiss the complaint.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1008, 1015; Dec. Dig. § 341.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Edmund O. Sorapure against Edmound Schaeffer & Co. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, BURR, RICH, and CARR, JJ.

Ferd W. Buermeyer, for appellant.

T. G. Sheehan, for respondent.

RICH, J. The defendant is a domestic corporation engaged in the purchase and sale of real property. Its secretary, one Meyer, had charge of the sales of its property as a broker, and in August, 1909, he made an arrangement with the plaintiff by which the latter was to purchase a lot for $300 and was to turn over as part payment therefor a second-hand automobile at the agreed price of $125. The secretary promised to have a contract prepared between the defendant, whom he represented, and the plaintiff, and sent to the latter for execution. The plaintiff accordingly gave Meyer a bill of sale and possession of the automobile, and received from him a receipt for $125, "to be applied to lot 409, block 14." Later a contract in duplicate and a book was sent by defendant to plaintiff by mail. The contract was for the sale of lot 409, block 14, at a consideration of $300, and was executed by the defendant, acting through its president, Edmound Schaeffer, and its secretary, said Meyer, who requested plaintiff to sign both contracts and "return one to us." Plaintiff refused to sign the contracts because of some provisions they contained. Meyer refused to change them or to return plaintiff's automobile or its value, and the plaintiff brought this action to recover $125 as a deposit made by him upon his agreement to purchase the lot. Upon the trial he proved these facts, and when he rested his case the court, upon defendant's motion, dismissed his complaint. From the judgment accordingly rendered this appeal is taken.

No ground was stated upon which the motion to dismiss the complaint was based, and none is given by the court in his ruling. The plaintiff had certainly made a prima facie case entitling him to go to the jury. He had proven that the property for which he bargained was the property of the defendant, and that his agreement was made with its secretary and agent, having authority to act for the defendant in the sale of its property; that such agreement and transaction was assented to by the defendant. No contract was entered into between the parties. They were unable to agree upon terms, and a demand was made, and refused, for the return of the deposit. These facts established a prima facie case, and the dismissal of the complaint was error.

Judgment of the Municipal Court reversed, and a new trial ordered; costs to abide the event. All concur.